Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000393
30-JAN-2015
08:00 AM

CAAP-12-0000393

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

NOLAN FRASER, Plaintiff-Appellant,
v.
STATE OF HAWAI'I, THOMAS READ, JOHN DOES 1-10, JANE DOES 1-10,
DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, AND DOE
GOVERNMENTAL ENTITIES 1-10, Defendants-Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 08-1-0709(1))

MEMORANDUM OPINION
(By: Nakamura, C.J., and Leonard and Reifurth, JJ.)

Plaintiff-Appellant Nolan Fraser (Fraser) sued
Defendant-Appellee State of Hawai'i (State) claiming that he had
been "overdetained" -- meaning that he had been kept in prison
beyond his proper release date. After a bench trial, the Circuit
Court of the Second Circuit (Circuit Court)[1] ruled that Fraser
had failed to prove the required elements to support his
negligence claim against the State and entered judgment in favor
of the State.[2]

---

[1] The Honorable Rhonda I.L. Loo presided over the proceedings relevant
to this appeal.

[2] Fraser also sued Defendant-Appellee Thomas Read (Read), the Offender
Management Administrator for the Department of Public Safety. Prior to trial,
the Circuit Court granted summary judgment in favor of Read as to all claims
asserted against him. On appeal, Fraser does not challenge the Circuit
Court's grant of summary judgment in favor of Read. We therefore will not
further discuss Fraser's claims against Read.

Fraser appeals from the Amended Judgment entered in favor of the State that was filed on April 12, 2012. On appeal, Fraser claims that the Circuit Court erred in denying his pre-trial motions for summary judgment because based on the undisputed facts, he was entitled to judgment as a matter of law. He also claims that the Circuit Court erred in denying his motion in limine to exclude any extrinsic evidence outside of the mittimus warrant.

As explained below, both Fraser and the State, and the Circuit Court, misconstrued the law as it applies to the question of Fraser's entitlement to credit for time served, which underlies Fraser's claim against the State. As a result, the Circuit Court misapplied the law in resolving Fraser's claim. We vacate the Amended Judgment to the extent that it entered judgment in favor of the State, and we remand the case for further proceedings.

I. Background

The question of whether Fraser had been overdetained depended on whether he had received the proper amount of credit for time served with respect to the sentences imposed on the offenses that determined his release date. Fraser and the State agree that the relevant offenses were two counts of first-degree assault against a law enforcement officer, Counts 2 and 3, in Cr. No. 05-1-0165(2). On August 9, 2005, the Circuit Court sentenced Fraser on the assault charges to concurrent terms of five years of probation, subject to a term of imprisonment of 144 days, with credit for time already served.[3/]

Fraser was subsequently indicted in Cr. No. 05-1-0580(2) with attempted promoting a controlled substance in, on, or near a school. On or about February 27, 2006, Fraser was arrested for his alleged violation of the terms of his probation in Cr. No. 05-1-0165(2) regarding the assault charges.

---

[3/] It appears that Fraser had already served the 144 days of imprisonment when the Circuit Court sentenced him on August 9, 2005.

2

On April 25, 2006, the Circuit Court sentenced Fraser on the drug charge in Cr. No. 05-1-0580(2) to five years of probation, subject to a one-year term of imprisonment, with credit of 135 days for time already served.  On the same date, the Circuit Court also apparently revoked Fraser's probation on his assault charges in Cr. No. 05-1-0165(2) and resentenced him to five years of probation, subject to a one-year term of imprisonment.  The Circuit Court's judgment or order resentencing Fraser on the assault charges is not in the record.  Nor is a transcript of Fraser's resentencing.  However, a "Mittimus Warrant of Commitment to Jail" (Mittimus Warrant), signed by a clerk of the Circuit Court, states that the one-year jail term imposed on Counts 2 and 3 in Cr. No. 05-1-0165(2) are to run concurrent with each other and with the term imposed on the drug charge, with "[c]redit of 135 days of time served."  The Mittimus Warrant was filed on April 28, 2006.

Fraser and the State stipulated that Fraser was sentenced to a one-year jail term on the assault charges in Cr. No. 05-1-0165(2).  The State did not give Fraser 135 days of credit on his one-year jail term on the assault charges. Instead, Gail Mirkovich (Mirkovich), the intake sergeant at the Maui Community Correctional Center, calculated Fraser's credit for time served on his assault charges as 59 days -- basically the number of days he spent in custody from his arrest for allegedly violating the terms of his probation until he was resentenced.  After Mirkovich determined that Fraser was only entitled to 59 days of credit, she called a clerk for the sentencing judge and notified the clerk that Fraser was not entitled to 135 days of credit, as reflected in the Mittimus Warrant.  After speaking with the clerk, Mirkovich "was under the assumption" that she should give Fraser 59 days of credit -- her calculation of the correct credit.  However, no amended judgment or other Circuit Court order was filed to reflect Mirkovich's calculation of Fraser's entitlement to credit for time served. The State applied Mirkovich's calculation of the appropriate

3

credit and released Fraser on February 24, 2007. If the State had granted Fraser 135 days of credit for time served, he would have been released on December 10, 2006 -- 76 days earlier.

II.   Applicable Law

Hawaii Revised Statutes (HRS) § 706-671(2) (2014) provides:

> (2) When a judgment of conviction or a sentence is vacated and a new sentence is thereafter imposed upon the defendant for the same crime, the period of detention and imprisonment theretofore served shall be deducted from the minimum and maximum terms of the new sentence. The officer having custody of the defendant shall furnish a certificate to the court at the time of sentence, showing the period of imprisonment served under the original sentence, and the certificate shall be annexed to the official records of the defendant's new commitment.

(Emphasis added).

In State v. Martin, 71 Haw. 73, 783 P.2d 292 (1989), the Hawai'i Supreme Court considered whether it was *required* by HRS § 706-671(2) to credit Martin with time served for the one year he had served in prison as a condition of his original term of probation, when it revoked his probation and resentenced him to another one-year term of imprisonment as a condition of probation. The supreme court held that the words "minimum and maximum terms of the new sentence" as used in HRS § 706-671(2) do not apply to the discretionary imposition of imprisonment as a condition of probation, and thus, the sentencing court was not required to credit Martin with jail time he previously served as a condition of his original probation. Martin 71 Haw. at 74, 783 P.2d at 292-93. The court held that the sentencing court had the "discretionary authority" to revoke probation and sentence Martin to another one-year term of imprisonment as a condition of probation, without crediting him with the time he served under the original probation. Id. In support of its decision, the court reasoned that otherwise, the sentencing court may be forced to sentence a defendant to the full term of imprisonment upon revoking his or her probation, which would be contrary to "the

4

legislative policy favoring the withholding of imprisonment where inappropriate." Id., 783 P.2d at 293.

In State v. Miller, 79 Hawai'i 194, 900 P.2d 770 (1995), the Hawai'i Supreme Court elaborated on its decision in Martin and its interpretation of HRS § 706-671(2). Citing Martin, the supreme court stated: "We have held that our circuit courts have the discretion not to credit time served in jail as a condition of a previous probation and, therefore, need not reduce the period of imprisonment imposed as a condition of a newly imposed sentence of probation." Miller, 79 Hawai'i at 197, 900 P.2d at 773 (emphasis added). The supreme court further stated: "[T]he circuit courts have discretion to determine whether credit for time served will be accorded to a defendant with respect to any prison term imposed as a condition of probation." Id. at 198, 900 P.2d at 774.

In both Miller and Martin, the supreme court upheld the sentencing court's decision not to credit the defendant with time served in jail as a condition of a previous probation, upon revoking the defendant's probation and resentencing him to imprisonment as a condition of probation. However, the supreme court made clear, particularly in Miller, that the sentencing court in this situation also has the discretion to credit a defendant with time served in jail as a condition of a previous probation. In other words, the sentencing court could exercise its discretion either way, by crediting or not crediting a defendant with time previously served as a condition of probation. We conclude that under Miller and Martin, the sentencing judge, upon revoking a defendant's probation and resentencing the defendant to imprisonment as a condition of probation, has the discretion to credit the defendant with all, part, or none of the time previously served by the defendant as a condition of probation.

In State v. Mason, 79 Hawai'i 175, 184, 900 P.2d 172, 181 (App. 1995), this court held that "it is the duty of the sentencing court to determine the amount of credit to be awarded

5

the defendant when presented with a claim for uncredited time." We conclude that if the sentencing court enters a judgment or order establishing the amount of a defendant's credit for time served which the State believes is erroneous, the State cannot unilaterally recalculate the credit for time served but must obtain an amended or corrected order from the sentencing court.

### III.   Discussion

Applying these legal principles, we conclude that both Fraser and the State relied upon erroneous legal assumptions in presenting their arguments to the Circuit Court and on appeal.

### A.

Fraser assumed that the Mittimus Warrant was the same as a judgment issued by the Circuit Court in arguing that its terms could not be altered by parol evidence.  However, the Mittimus Warrant was signed by a court clerk, and not by the sentencing judge.  See In re Rhodus, 6 Haw. 343, 344-45 (Haw. Kingdom 1882) (concluding that the court is not bound by information in the mittimus but can review the record to determine what the sentence was and the real character of the offense); Commissioner of Correction v. Gordon, 636 A.2d 799, 802-03 (Conn. 1994) (stating that the mittimus "has come to be regarded only as a clerical document that is certified by the clerk of the court," and that if the judgment of the court and the mittimus conflict, the judgment controls).

Evidence of what the Circuit Court had ordered or intended to order with respect to credit for time served and whether Fraser was legally entitled to any such credit were relevant to Fraser's negligence claim against the State.  We therefore reject Fraser's contention that the Circuit Court erred in denying his motion in limine to exclude any extrinsic evidence outside of the Mittimus Warrant itself.[4]

---

[4] Even if a mittimus warrant had the status of a court judgment or order, evidence of whether it reflected the credit for time served that the sentencing judge intended to order and whether a defendant was legally entitled to the credit shown would appear to be relevant in a negligence action against the State for overdetention.

B.

On the other hand, the State erroneously assumed that, as a matter of law, Fraser was only entitled to credit for the 59 days spent in custody from his arrest on the alleged probation violation to his resentencing on the assault charges.[5] Based on the Hawai'i Supreme Court's opinions in <u>Miller</u> and <u>Martin</u>, the sentencing judge in resentencing Fraser had the discretion to also credit Fraser with all, part, or none of the 144 days he served in prison as a condition of his original probation. The State also apparently assumed that it could unilaterally override a decision by the sentencing judge regarding credit for time served if the State believed the judge's determination was wrong. However, if the sentencing judge exercised his or her discretion and granted Fraser credit for time served, the State could not unilaterally change the sentencing judge's determination based on the State's own view of the appropriate credit. See <u>Mason</u>, 79 Hawai'i at 184, 900 P.2d at 181 (holding that "it is the duty of the sentencing court to determine the amount of credit to be awarded the defendant when presented with a claim for uncredited time").

C.

We conclude that the Circuit Court adopted and relied upon the State's erroneous legal assumptions in entering its Amended Judgment in favor of the State. Accordingly, the Circuit Court's Amended Judgment cannot stand.

Unfortunately, neither party focused on or presented direct evidence on the key question in this case -- what the sentencing judge had actually ordered with respect to credit for time served in resentencing Fraser. Fraser and the State did not make a transcript of the sentencing judge's resentencing hearing part of the record. They also did not make any order or judgment signed by the sentencing judge that reflected the judge's order

---

[5] The time between Fraser's arrest on the alleged probation violation and his resentencing was actually only 57 days, but Mirkovich determined that Fraser was entitled to an additional two days of credit.

7

regarding credit for time served part of the record. Although the Mittimus Warrant provided circumstantial evidence of what the sentencing judge may have ordered with respect to credit for time served, there were material issues of fact concerning what the sentencing judge had actually ordered or intended to order regarding credit for time served.

IV. Conclusion

We vacate the Circuit Court's Amended Judgment to the extent that it entered judgment in favor of the State, and we remand the case for further proceedings consistent with this Memorandum Opinion.

DATED: Honolulu, Hawaiʻi, January 30, 2015.

On the briefs:

Jan K. Apo
Mark D. Reck
(Law Offices of Jan K. Apo)
for Plaintiff-Appellant

Caron M. Inagaki
Kendall J. Moser
Deputy Attorneys General
for Defendants-Appellees

*Craig H. Nakamura*
Chief Judge

*Associate Judge*

*Associate Judge*

8